1    WO                                                                    SC

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9    Erick John Dodakian,                    No.  CV 21-01184-PHX-MTL (ESW)

10                    Plaintiff,

11   v.                                       **ORDER**

12
     Tempe Police Department, et al.,
13
                      Defendants.
14

15        Plaintiff Erick John Dodakian filed a pro se Civil Rights Complaint (Doc. 1),[1] an

16   Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2), and a

17   Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 4).

18   Plaintiff sues the City of Tempe Police Department, Tempe Police Officer Andrew Butters

19   and his spouse, and various fictitiously identified persons and entities.  Plaintiff brings this

20   case under 42 U.S.C. § 1983 and alleges claims for negligence, violation of the Eighth

21   Amendment, excessive force, violation of due process under the Fourteenth Amendment,

22   negligent infliction of emotional distress, and denial of constitutionally adequate medical

23   _____

24        [1] This action was opened as a "prisoner" civil rights case and referred to the Court's
     staff for review pursuant to LRCiv 72.1(b).  A "prisoner" is statutorily defined as "any
25   person incarcerated or detained in any facility who is accused of, convicted of, sentenced
     for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of
26   parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h); 42
     U.S.C. § 1997e(h).  That is, a "prisoner" is a person who is "currently detained as a result
27   of accusation, conviction, or sentence for a *criminal* offense."  *Agyeman v. INS*, 296 F.3d
     871, 885, 886 (9th Cir. 2002) (citing *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir.
28   2000)).  Because Plaintiff was not a "prisoner" under the PLRA when he commenced this
     case, he is not required to incrementally pay the filing fee and his Complaint is not subject
     to screening.

TERMPSREF

care under the Fourteenth Amendment.  Plaintiff seeks damages.

The Court will grant the Application and the Motion and refer this case to Magistrate Judge Eileen S. Willett for pretrial proceedings.

**Warnings**

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**.

(2)    Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 4) is **granted**.

(3)    Plaintiff must either serve each Defendant or obtain a waiver of service for each Defendant.

(4)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within **90 days** of the date of this Order, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(5)    Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(6)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(7)     This matter is **referred** to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(8)     This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

Dated this 13th day of July, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge