WO                                                                                           KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erick John Dodakian, | No. CV 21-01184-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Butters, et al., | |
| Defendants. | |

Plaintiff Erick John Dodakian brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 and Arizona state law. Pending before the Court is Defendants' Motion to Dismiss, which Plaintiff opposes. (Docs. 14-16.)

**I.     First Amended Complaint**

In his First Amended Complaint, Plaintiff alleges as follows. On July 8, 2019, Plaintiff was at the Spring Tree Condos moving his personal belongings. (Doc. 13 at 14.) Defendant Tempe Police Officer Butters approached Plaintiff and asked to see his personal identification and then "struck" Plaintiff even though Plaintiff showed "no signs of hostility or non-compliance." (*Id.*) Plaintiff was arrested, tried, and acquitted.[1] (*Id.*) Although it is not entirely clear, it appears that Plaintiff attempts to allege a due process claim against Defendant Butters in Count One of his First Amended Complaint. (*Id.* at 16.) Plaintiff also mentions "false arrest" and "false imprisonment" in Count One and states that he was

---

[1] In his First Amended Complaint, Plaintiff does not specify the crime for which he was arrested.

arrested without probable cause. (*Id.* at 19-20.) In Count Two, Plaintiff appears to allege a Fourth Amendment false arrest claim against Defendant Butters. (*Id.* at 20.) Plaintiff alleges that his arrest was without probable cause and due to the "malice" of Defendant Butters. (*Id.*) Plaintiff designates Count Three as an Eighth Amendment claim for deliberate indifference to his serious medical needs. (*Id.* at 21.) Count Four is a *Monell* claim presumably against the City of Tempe. (*Id.* at 24.) Plaintiff asserts that the City of Tempe's policies are inadequate and led to the unconstitutional use of force against him. (*Id.*) In Count Five, Plaintiff alleges a Fourth Amendment excessive force claim against Defendant Butters.[2] (*Id.* at 27.) In Count Six, Plaintiff alleges cruel and unusual punishment based on "being moved without proper medical devices" "after discharge." (*Id.* at 28.) In Count Seven, Plaintiff alleges a state law claim of negligent infliction of emotional distress and "the defendants owed duty [sic] to the plaintiff to exercise care as medical treat [sic] even or after an injury had occurred" and appears to assert that while in the jail, he was denied an "(Ice pack) Crutches, and Immobilizing Brace." (*Id.* at 33.)

**II.   Motion to Dismiss**

Defendants assert that Plaintiff's First Amended Complaint should be dismissed because Plaintiff fails to state a claim upon which relief may be granted, Plaintiff did not file a Notice of Claim as required by Arizona law for his state-law claims, and Count Seven is barred by the statute of limitations.

In Response, Plaintiff asserts that the Motion to Dismiss should be denied because he did not confer with Defendants prior to the filing of the Motion to Dismiss,[3] and attaches

---

[2] Although Plaintiff alleges this as an Eighth Amendment claim, because the force allegedly occurred during Plaintiff's arrest, it is properly analyzed under the Fourth Amendment.

[3] Plaintiff implies that this is because Defendants did not have his correct contact information. (Doc. 16 at 5.) Defendants' Reply provides evidence that they attempted to comply with the meet and confer requirements of LRCiv 12.1(c). (Doc. 18.) The Court finds no basis to deny the Motion to Dismiss based on Defendants' inability to contact Plaintiff prior to filing the Motion to Dismiss.

1 a Motion to Amend his Complaint to add a "Supplemental Pleading" to the Motion to
2 Dismiss.

### A.    Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).  In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted).  To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

Generally, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  If a court considers extrinsic evidence, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).  A court may, however,

consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

### III. Discussion

#### A. Plaintiff's Proposed Amendment to Add a "Supplemental" Pleading

As an initial matter, Plaintiff's First Amended Complaint and proposed Supplemental Pleading violate Rule 8 of the Federal Rules of Civil Procedure. Neither pleading sets forth a short, plain statement of Plaintiff's claims supported by facts. Rather, Plaintiff has littered his pleadings with arguments, statements of law for which the relevance is largely unclear, and it is largely difficult to determine the exact nature of Plaintiff's claims or who they are asserted against. The Court will deny Plaintiff's Motion to "supplement" his Complaint as the proposed "supplement" is convoluted, does not appear to match the original Complaint, and does not add sufficient facts to address the deficiencies identified by Defendants regarding the original Complaint. Moreover, Plaintiff's use of a "supplement" under these circumstances is improper; if Plaintiff seeks to amend his Complaint in the future, he must comply with all the rules regarding amendment, including LRCiv 15.1.

Although Plaintiff's Complaint could be dismissed based on Plaintiff's failure to comply with Rule 8, the Court will examine the individual Counts in Plaintiff's Complaint and examine whether any individual Count can overcome the Rule 8 deficiencies.

#### B. Doe Defendants

Plaintiff named "John Does 1-5, Jane Does 1-5, Black Corporations 1-5 and White Partnerships 1-5" as Defendants to this action but does not reference any Doe throughout the facts alleged in his Complaint or make specific reference to the acts of any alleged Doe Defendant. Fictitious pleading may be appropriate when a plaintiff has alleged specific facts about the actions of a Doe Defendant but has simply been unable to discover the name of that Defendant, but that is not the case here. As such, John Does 1-5, Jane Does 1-5, Black Corporations 1-5 and White Partnerships 1-5 will be dismissed because the Federal Rules of Civil Procedure do not favor the use of fictitious Defendants

and Plaintiff has failed to state a claim upon which relief can be granted against any fictitious Defendant. *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. United States*, 413 F.2d 854, 856 (9th Cir.), *cert. denied*, 396 U.S. 987 (1969); *Molnar v. Nat'l Broad. Co.*, 231 F.2d 684, 686-87 (9th Cir. 1956); *Becker v. Oregon*, 170 F.Supp.2d 1061, 1069 (D. Ore. 2001) ("Unlike the specific allegations against other individual defendants, the complaint fails to contain allegations against the Doe defendants which would provide the necessary causal link between them and plaintiff's alleged deprivations.").

### C. Count One

It appears that Plaintiff attempts to allege a due process claim against Defendant Butters in Count One based on the "false arrest" or "false imprisonment" of Plaintiff. Plaintiff has not included any facts that would support a claim for false arrest or false imprisonment against Defendant Butters, aside from conclusory allegations that Plaintiff was falsely arrested or falsely imprisoned by Defendant Butters. Moreover, it is unclear how Defendant Butters' conduct violated Plaintiff's due process rights. Accordingly, Count One will be dismissed without prejudice.

### D. Count Two

Count Two appears to be a Fourth Amendment false arrest claim against Defendant Butters. To state a § 1983 claim for false arrest, a plaintiff must allege there was no probable cause for his arrest. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists 'when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime.'" *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (citing *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). Plaintiff has not included sufficient facts from which the Court could conclude that he was arrested without probable cause. Accordingly, Count Two will be dismissed without prejudice.

### E. Count Three

Count Three is designated as a claim for deliberate indifference to Plaintiff's serous medical needs. Plaintiff avers information about a right knee injury he allegedly sustained due to Defendant Butters' alleged excessive force and describes some hospital care, but does not explain who this Count is alleged against and does not include any information from which the Court could conclude that any Defendant was deliberately indifferent to Plaintiff's serious medical needs. Because it is unclear who Count Three is asserted against and Plaintiff fails to sufficiently set forth a factual basis supporting a claim for deliberate indifference to serious medical needs, Count Three will be dismissed without prejudice.

### F. Count Four

Count Four is a *Monell* claim presumably against the City of Tempe. (*Id.* at 24.) Plaintiff asserts that the City of Tempe's policies are inadequate and led to the unconstitutional use of force against Plaintiff. (*Id.*)

A municipality may not be sued under § 1983 solely because an injury was inflicted by one of its employees or agents. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. *Id.*; *see also Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005); *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993); *Monell v. New York City Dep' t of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983" ).

To impose municipal liability under § 1983 a plaintiff must show that (1) he or she was deprived of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff' s constitutional rights; and (4) the policy was the moving force behind the constitutional violation." *Oviatt By and Through Waugh*

*v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted).

Here, although Plaintiff alleges that Butters used excessive force against him, he does not allege any facts supporting his claim that the City had an unconstitutional policy, practice or custom that led to the use of force on Plaintiff. Accordingly, Count Four will be dismissed without prejudice.

### G. Count Five

Liberally construed, Plaintiff states a Fourth Amendment excessive force claim against Defendant Butters in Count Five, and the Motion to Dismiss will be denied as to Count Five.

### H. Count Six

Plaintiff designates Count Six as a claim for cruel and unusual punishment based on "being moved without proper medical devices" "after discharge." (*Id.* at 28.) Plaintiff does not connect Count Six with any Defendant. Accordingly, Count Six will be dismissed without prejudice.

### I. Count Seven

In Count Seven, Plaintiff alleges a state law claim of negligent infliction of emotional distress and alleges "the defendants owed duty to the plaintiff to exercise care as medical treat [sic] even or after an injury had occurred, and appears to assert that while in the jail, he was denied an"(Ice pack) Crutches, and Immobilizing Brace." Plaintiff does not identify who the Defendants are to Count Seven and does not include a sufficient factual basis to state a claim for relief in Count Seven. Moreover, in Response to the Motion to Dismiss, Plaintiff did not address Defendants' argument that Plaintiff failed to file a Notice of Claim in compliance with Arizona law and that Count Seven is barred by the statute of limitations. For all these reasons, Count Seven will be dismissed without prejudice.

. . . .

. . . .

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 14) and Plaintiff's Request to Amend Proper Caption (Doc. 17).

(2) Defendants' Motion to Dismiss (Doc. 14) is **granted in part and denied in part** as follows:

(a) Counts One, Two, Three, Four, Six, and Seven of the First Amended Complaint are **dismissed** from this action **without prejudice**. John Does 1-5, Jane Does 1-5, Black Corporations 1-5, White Partnerships 1-5, and the City of Tempe are **dismissed** from this action **without prejudice**.

(b) The Motion is **denied** as to the Fourth Amendment excessive force claim against Defendant Butters in Count Five and that is the only remaining claim in this action.

(3) Plaintiff's Request to Amend Proper Caption (Doc. 17) is **denied**.

Dated this 14th day of March, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge